JOHN D. HIGGINBOTHAM, Bar No. 204179
BEST BEST & KRIEGER LLP
3750 University Avenue, Suite 400
Riverside, CA 92502
Telephone: (951) 686-1450
Fax: (951) 686-3083
john.higginbotham@bbklaw.com

Attorneys for Petitioner
CITY OF COLTON

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ED CV 11 - 00241 (DTBx)

| | |
|---|---|
| CITY OF COLTON, <br><br> Petitioner, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; SAN BERNARDINO SHERIFF DEPARTMENT CAPTAIN MARIO QUESADA; SAN BERNARDINO SHERIFF DEPARTMENT LIEUTENANT ROBERT HALL, <br><br> Respondents. <br><br> GAYLOR W. SINGLETARY, <br><br> Real Party in Interest. | Case No. VAP <br><br> PETITION TO COMPEL FEDERAL BUREAU OF INVESTIGATION AND SAN BERNARDINO COUNTY SHERIFF PERSONNEL TO COMPLY WITH STATE COURT SUBPOENAS <br><br> [5 U.S.C. §552a; 28 C.F.R 16.21 et. seq.] |

Petitioner City of Colton respectfully petitions this Court for an order compelling the Federal Bureau of Investigation and authenticating/foundational testimony for the records, pursuant to 28 C.F.R 16.21 *et. seq.*, and the Privacy Act of 1974, 5 U.S.C. §552a.

## I.  STATEMENT OF JURISDICTION

This Court has jurisdiction over this Petition pursuant to Fed. R. Civ. P. 27 and 28 U.S.C. 1345. This Petition is filed at the specific request of the FBI's legal department pursuant to 28 C.F.R. 16.21 *et seq.*, and the Privacy Act of 1974, 5 U.S.C. 552a(b)(11).

## II.  INTRODUCTION

Petitioner City of Colton ("City") is the Defendant/Cross-Complainant in a case filed by Real Party in Interest Gaylor W. Singletary ("Singletary"), which is currently pending in the Superior Court of California, County of San Bernardino, Case No. CIVSS 800216.

The City has issued several subpoenas for documents and testimony from FBI and San Bernardino County Sheriff's Department personnel which seek in substance: (1) a certified copy of the transcript of the FBI's January 11, 2002, interview of Gaylor W. Singletary (Tape # 1D130, 194B-LA-210597, 01/11/2002, RTS/sln); (2) a copy of the audio recording of that interview; and (3) authenticating/foundational testimony for the transcript and the audio and the contents thereof from: (a) the three law enforcement personnel who conducted the interview (Special Agent Rhonda Townsend-Schantz of the FBI, Captain Mario Quesada of the San Bernardino County Sheriff Department, and retired Lieutenant Robert Hall of the San Bernardino County Sheriff Department); (b) the FBI's custodian of records; and (c) the FBI employee who created the transcript from the audio, whose initials are believed to be 'sln.'

The business address for the FBI employees is believed to be 11000 Wilshire Boulevard, Suite 1700, Los Angeles, California and the business address of the San Bernardino County Sheriff Department is believed to be 655 East Third Street, San Bernardino, California.

The FBI has indicated that, prior to releasing any documents and/or authorizing testimony relating to an individual arising from a civil or criminal action to which the United States is not a party, the City must either obtain written consent from that individual or obtain an order of a court of competent jurisdiction under 5 U.S.C. 552a (b)(11). The FBI has further indicated that it does not consider itself bound by orders from the Superior Court, and that an order from the District Court is required under the statute.

### III. STATEMENT OF FACTS

Good cause exists for this discovery for the following reasons. Singletary is a convicted felon. His crime was to bribe a City Councilmember, James Grimsby, to support the so-called Center Street Extension Project, which would (and ultimately did) directly benefit Singletary, who owned nearby land. Singletary was charged with, prosecuted for, and in 2003 pled guilty to a felony count of violating 18 U.S.C. § 666. Several years later, Singletary filed a breach of contract lawsuit against the City in state court, seeking to enforce the very same 'contract' which was tainted by his bribery. A public contract tainted by bribery is void under California law. (See Cal. Gov. Code §§ 1090, 1092 [prohibits city boards from making any contracts in which its board members are "financially interested."]; *County of San Bernardino v. Walsh*, 158 Cal.App.4th 533, 550 (2007) ["Section 1090 is triggered when a public official receives any profit from a public contract and includes the acceptance of a bribe in return for influencing the public entity to enter into a particular contract."]; *Thomson v. Call*, 38 Cal.3d 633, 648 (1985) [contract is void as a matter of law].)

1   In the pending lawsuit, Singletary admits that he paid money to Grimsby, but
2   now conveniently denies that it was intended to be a bribe. Because a non-litigated
3   guilty plea does not always have absolute collateral effect in a subsequent civil
4   lawsuit, the City is effectively forced to litigate whether the payments constituted a
5   bribe.

In the transcript of his interview with FBI and Sheriff Department personnel, Singletary admits that the purpose of the payments to Grimsby was exchange for his Center Street Extension Project; i.e. that it was, in fact, a bribe.

Excepts from that transcript are as follows:

> "INVESTIGATOR HALL: I'm talking about money that, that was just passed across your desk in cash to [Grimsby], uh, on at least two occasions, that, that case.
>
> GW SINGLETARY: Okay.
>
> INVESTIGATOR HALL: And uh it's a problem. Uh, the problem is that it's also known that it was for his continued support on the city council as well as the Center Street project.
>
> GW SINGLETARY: To me it was the Center Street project.
>
> INVESTIGATOR HALL: Pardon me.
>
> GW SINGLETARY: To me it was the Center Street Project getting it going.
>
> …
>
> GW SINGLETARY: There was a third payment, that was the same on the floor out at Matich and I'm not sure what that amount of money was.
>
> INVESTIGATOR HALL: From the floor of the car you mean.
>
> GW SINGLETARY: Yeah
>
> INVESTIGATOR HALL: okay.
>
> GW SINGLETARY: There were two out there and one [in my office].
>
> INVESTIGATOR HALL: So you, you threw it on the floor cause you just didn't want to hand it to [Grimsby]?

LAW OFFICES OF
BEST BEST & KRIEGER LLP
3750 UNIVERSITY AVENUE, STE. 400
RIVERSIDE, CA 92502

> GW SINGLETARY: Yeah.
>
> INVESTIGATOR QUESADA: You felt a little safer if [Grimsby] picked it up off the floor?
>
> GW SINGLETARY: Yeah.
>
> INVESTIGATOR RTS: Kind of like you're not really giving it to him he just kind of picked it up.
>
> GW SINGLETARY: Yup. To be honest that's right.

The transcript was apparently produced to Singletary in discovery in his criminal case, and his attorney in the civil case produced it to Colton. However, when the City attempted to use the transcript in court, Singletary objected based on lack of proper authentication and the court sustained that objection. Hence, the need for a certified copy of the transcript and authenticating testimony. Singletary has also refused to admit that the transcript is an accurate transcription of the audio. Hence, the need for the audio.

City has sought written consent from Singletary's counsel on several occasions but Singletary's counsel has either refused or simply failed to respond to those requests.

## IV. **ARGUMENT**

Pursuant to Code of Civil Procedure §§ 2020.510 and 2025.220, the City issued a Subpoena Duces Tecum for documents and testimony on the FBI. The FBI is not a party to the state court action, but has been served a valid subpoena and has refused to appear for deposition without a Subpoena Duces Tecum, along with a summary of the information sought and its relevance to the proceeding under 28 CFR § 16.22(d). The City has since complied with the FBI's request for an affidavit regarding the information sought and its relevance to the proceedings. The FBI additionally requires that Singletary provide written consent to the FBI prior to releasing any documents, records or testimony; or an order from a court of

competent jurisdiction prior to releasing the requested documents and records.

Pursuant to the Ninth's Circuit's decision in *Exxon Shipping Co., v. U.S. Dept. of Interior*, 34 F.3d 774 (9th Cir. 1994), federal agencies are subject to discovery in state court civil lawsuits. While federal employees are prohibited by statute (5 U.S.C. § 301) from giving deposition testimony or releasing documents without approval of the agency or department head, this "housekeeping statute" does not create a privilege for the government to withhold subpoenaed information. *Exxon Shipping Co., v. U.S. Dept. of Interior*, supra at 777.

When a district court considers a motion to compel discovery, it must evaluate such factors as timeliness, good cause, utility and materiality. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002).

Here, the criminal case against Singletary has long since resolved, and he has no legitimate expectation of privacy in the materials and testimony sought, particularly in light of the filing of his civil lawsuit related to the same subject matter. In any event, the City's legitimate need for this discovery outweighs any contrary interest which Singletary, the FBI, or the Sheriff's Department might assert, and the FBI may not refuse to produce otherwise discoverable information based on its own 'housekeeping' rules and regulations. See e.g., *Exxon Shipping Co. v. U.S. Dept. of Interior*, 34 F.3d 774 (9th Cir. 1994).

### V. **PRAYER**

WHEREFORE, Petitioner prays as follows:

1. That this Court issue an order directing the FBI to release a certified copy of the transcript of the FBI's January 11, 2002, interview of Gaylor W. Singletary (Tape # 1D130, 194B-LA-210597, 01/11/2002, RTS/sln) within 15 days; and

2. That this Court issue an order directing the FBI release of a copy of the audio recording of that interview within 15 days;

3. That this Court order the FBI to consent to the depositions of Captain Mario Quesada and retired Lieutenant Robert Hall of the San Bernardino County Sheriff Department, and order them to submit to a deposition regarding their investigation of Singletary's bribery, including their interview of Singletary within 30 days;

4. That this Court order the FBI to produce for a deposition Special Agent Rhonda Townsend-Schantz, and order said agent to submit to a deposition regarding her investigation of Singletary's bribery, including her interview of Singletary within 30 days;

5. That this Court order the FBI to produce for a deposition the FBI employee who created the transcript from the audio, whose initials are believed to be 'sln' within 30 days;

6. That this Court order the FBI to produce for a deposition its custodian of records with regard to the transcript and the audio of the interview within 30 days; and

7. Grant such other relief as may be just and proper.

Respectfully submitted,

BEST BEST & KRIEGER LLP

Dated: February 7, 2011

By: _____
John D. Higginbotham
Attorneys for Petitioner
CITY OF COLTON