1  ANDRÉ BIROTTE JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   JASON K. AXE
4  Assistant United States Attorney
   California Bar Number 187101
5        Federal Building, Suite 7516
         300 North Los Angeles Street
6        Los Angeles, California 90012
         Telephone: (213) 894-8827
7        Facsimile: (213) 894-7819
         E-mail: Jason.Axe@usdoj.gov
8
   Attorneys for Respondent
9  Federal Bureau of Investigation

10
                    UNITED STATES DISTRICT COURT
11
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
12
                          WESTERN DIVISION
13

14
   | CITY OF COLTON, | No. EDCV 11-0241 CAS (DTBx)) |
   |---|---|
   | Petitioner, | **DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S OPPOSITION TO PLAINTIFF'S PETITION TO COMPEL** |
   | v. | |
   | FEDERAL BUREAU OF INVESTIGATION, et al. | DATE: April 25, 2011<br>TIME: 10:00 a.m.<br>CTRM: Hon. Christina A. Snyder |
   | Respondents. | |
   | GAYLOR W. SINGLETARY, | |
   | Real Party in Interest | |

23  / / /

24  / / /

25

26

27

28

EDCV11-0241.20110328.JKA.Petition Opposition - 553_mtd.wpd

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Petitioner City of Colton ("Colton") and Real Party in Interest Gaylor W. Singletary ("Singletary") are currently engaged in litigation pending in the Superior Court of California, County of San Bernardino (Case No. CIVSS 800216). In connection with that litigation, Colton has issued several state court subpoenas for documents and testimony from (1) employees of the Federal Bureau of Investigation and (2) San Bernardino County Sheriff's Department personnel who were members of an FBI Task Force involved in the federal investigation of Singletary.

In an effort to obtain the requested discovery, Colton has now filed in this Court a "Petition to Compel Federal Bureau of Investigation and San Bernardino County Sheriff Personnel to Comply with State Court Subpoenas," pursuant to Rule 27 of the Federal Rules of Civil Procedure, alleging that this Court has jurisdiction over the Petition pursuant to the provisions of 28 U.S.C. § 1345 and Fed. R. Civ. P. 27.

The provisions of 28 U.S.C. § 1345 pertain to actions in which the United States is a plaintiff. Federal Rule of Civil Procedure 27 pertains to depositions to perpetuate testimony about matters cognizable in a United States Court. Neither of these provisions confer subject matter jurisdiction on this Court because (1) the United States is not a plaintiff in this matter; and (2) this petition does not concern a matter that is cognizable in a United States Court. Moreover, this Court ultimately lacks jurisdiction to compel the FBI to comply with a state court subpoena, which is the gravamen of the Petition. Therefore, this Court should deny the City of Colton's Petition.

**II.   STATEMENT OF FACTS**

On February 8, 2011, Colton filed a Petition to compel the Federal Bureau of Investigation and the San Bernardino County Sheriff's Department to comply with state court subpoenas.  (See generally Petition.)  Colton and Singletary are engaged in civil litigation in the Superior Court of California, County of San Bernardino.  (Petition at 2.)  Colton's state court subpoenas seek documents and testimony from FBI personnel and San Bernardino County Sheriff's Department personnel who were part of an FBI Task Force.  (Petition at 2.)

**II.   ARGUMENT**

   **A.   PLAINTIFF'S PETITION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

      **1.   This Court Does Not Have Jurisdiction Over this Petition Pursuant to 28 U.S.C. § 1345**

In its Petition, the City of Colton alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1345.  (Petition at 2.)  Section 1345 provides that "district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."  28 U.S.C. § 1345.  As this action is not one brought by the United States or any of its agencies and/or officers, section 1345 is not an appropriate basis for jurisdiction.

      **2.   This Court Does Not Have Jurisdiction Over this Petition Pursuant to Rule 27 of the Federal Rules of Civil Procedure**

The City of Colton also alleges that this Court has

1  jurisdiction pursuant Fed. R. Civ. P. 27.  (Petition at 2.)  Rule
2  27 provides that a person who "wants to perpetuate testimony
3  about any matter cognizable in a United States court may file a
4  verified petition in the district court for the district where
5  any expected adverse party resides."  Fed. R. Civ. P. 27(a)(1).
6  However, such a petition is limited to instances in which the
7  petitioner "expects to be a party to an action cognizable in a
8  United States court but cannot presently bring it or cause it to
9  be brought," and the deposition is necessary "to prevent a
10 failure or delay of justice."  Fed. R. Civ. P. 27(a)(1)(A), (3);
11 State of Nev. v. O'Leary, 63 F.3d 932, 935 (9th Cir. 1995).
12      The City of Colton has failed to establish in its Petition
13 that the testimony it seeks is about a matter that is cognizable
14 in a United States court.  To the contrary, Colton is seeking
15 testimony and documents from the FBI and members of an FBI Task
16 Force related to state court civil proceedings.  (See generally
17 Petition.)  Moreover, Colton has failed to establish that it
18 expects to be a party in an action in a United States court,
19 which is another prerequisite to the use of the procedures set
20 forth in Rule 27.  Therefore, Colton cannot establish that its
21 Petition is properly brought pursuant to Rule 27 of the Federal
22 Rules of Civil Procedure.

### 3. **This Court Lacks Jurisdiction to Compel the Federal Bureau of Investigation to Comply With a State Court Subpoena**

26      Ultimately, the City of Colton's Petition seeks an order
27 from this Court compelling the Federal Bureau of Investigation to
28 comply with a state court subpoena.  In support of its argument,

Colton cites to Exxon Shipping Co. V. U.S. Dep't of Interior for the proposition that "federal agencies are subject to discovery in state court civil lawsuits." (Petition at 6.) Plaintiff's citation represents a misreading of Exxon.

In Exxon, the discovery dispute at issue involved deposition notices and federal court subpoenas sent to federal employees. Exxon, 34 F.3d at 775. However, the Ninth Circuit in Exxon distinguished between federal court subpoenas issued to federal employees and state court subpoenas:

> The limitations on a state court's subpoena and contempt powers stem from the sovereign immunity of the United States and from the Supremacy Clause. Such limitations do not apply when a federal court exercises its subpoena power against federal officials.

Exxon, 34 F.3d at 778 (citation omitted); see also In re Elko County Grand Jury, 109 F.3d 554 (9th Cir. 1997) (state court lacks jurisdiction to issue subpoena to federal employee); Swett v. Schenk, 792 F.2d 1447, 1451 (9th Cir. 1986) (state court lacks jurisdiction to hold federal official in contempt for failure to comply with a state court order); FBI v. Superior Court of California, 507 F. Supp. 2d 1082, 1092-93 (N.D. Cal. 2007); Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989) (district court lacks jurisdiction to compel federal employee to testify in state court action).[1]

---

[1] Although the City of Colton references 28 C.F.R. § 16.21 et seq. (the "Touhy regulations,") in its Petition, Colton has not brought an action challenging any decision by the United States Attorney regarding a request for testimony from federal employees. Therefore, this Court need not reach the merits of Colton's request for testimony.

1    Therefore, this Court lacks jurisdiction to compel the
2 Federal Bureau of Investigation to comply with the City of
3 Colton's state court subpoena seeking documents and testimony
4 from the FBI as a third party.

**III. CONCLUSION**

　　　For the foregoing reasons, the City of Colton's Petition should be denied.

DATED: March 28, 2011            Respectfully submitted,

                                 ANDRÉ BIROTTE JR.
                                 United States Attorney
                                 LEON W. WEIDMAN
                                 Assistant United States Attorney
                                 Chief, Civil Division


                                  /s/ *Jason K. Axe*
                                 JASON K. AXE
                                 Assistant United States Attorney
                                 Attorneys for Respondent
                                 Federal Bureau of Investigation